UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
GERALD NELSON,

                  Plaintiff,                           **REPORT AND RECOMMENDATION**
                                                           **22 CV 6112 (RPK)(LB)**

           -against-

NEW YORK CITY TRANSIT AUTHORITY,
DEPARTMENT OF BUSES (EAST NEW
YORK DEPOT) and
TRANSPORTATION WORKERS
UNION LOCAL 100,

               Defendants.

----------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Gerald Nelson, proceeding *pro se*, brings this hybrid § 301/duty-of-fair-representation claim ("hybrid claim") against defendants New York City Transit Authority, Department Of Buses (East New York Depot) ("NYCTA") and Transportation Workers Union Local 100 ("TWU") under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq. Defendants move to dismiss plaintiff's amended complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. The Honorable Rachel P. Kovner referred defendants' motions to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons stated in this Report, it is respectfully recommended that defendants' motions should be granted in part and denied in part: plaintiff's amended complaint should be dismissed for failure to state a claim.

**BACKGROUND**

Plaintiff worked for defendant NYCTA as a bus operator from February 28, 2021 until August 18, 2022, when he was terminated. ECF No. 18 ["Am. Compl."] ¶¶ 4, 7. During his employment, plaintiff was represented by defendant TWU, his former union, pursuant to a collective bargaining agreement ("CBA") "entered into by the defendant for the benefit of the employees in the bargaining unit," including plaintiff. Id. ¶ 5. Among other things, the CBA establishes a disciplinary procedure and allows employees to bring a "Disciplinary Grievance" when there has been "a violation of the employee's contractual rights with respect to a disciplinary action" (including termination). Am. Compl., Ex. A § 2.1(A)(2). Under the CBA, however, the disciplinary procedure does not apply to probationary employees. Id.; see also ECF No. 27 ["Opp."], Ex. E § 2.1(C)(2).

Plaintiff's probationary period initially ran from February 28, 2021 through February 28, 2022. Am. Compl. ¶ 9. "[O]n the last day of [plaintiff's] probation," plaintiff "was made" to sign a stipulation (hereafter "Stipulation") which provided that "in lieu of termination," plaintiff's probationary period would be extended.[1] Id. ¶ 10; Am. Compl., Ex. B. Plaintiff signed the Stipulation on February 28, 2022, and a second time on March 10, 2022.[2] Id., Ex. B. Plaintiff alleges that the extension of his probation violated New York City personnel rules and regulations because it occurred on the last day of his probationary period and without the required one month written notice. Id. ¶ 10 (citing Personnel Services Bulletin 200-6). He further asserts that "the negotiation between defendants with respect to plaintiff's stipulation" was "spurious" and in bad

---

[1] The document was executed in part on February 28, 2022 and on March 10, 2022. The Stipulation states that plaintiff's probationary period "will be extended . . . from April 25, 2022 to October 25, 2022." Am. Compl., Ex. B.

[2] The document is also signed by representatives of defendant TWU, the NYCTA department of buses and the office of labor relations, although plaintiff asserts the last signature was "forged . . . ." Am. Compl. ¶ 13; Am. Compl., Ex. B.

faith, "deliberately designed to give plaintiff the false impression that a sincere effort was being made" to resolve his "improper probationary status . . . ." Id. ¶ 13.

Believing the Stipulation to be fraudulent and unlawful, plaintiff "protested [the] stipulation agreement . . . on March 10, 2022." Id. ¶ 11. Plaintiff sought the assistance of a TWU union representative, who told plaintiff that he could not file a grievance. Opp., Ex. A. Nevertheless, plaintiff mailed a grievance, postmarked April 7, 2022, seeking the revocation of the Stipulation, id., but "was contacted by no one who would help him." Am. Compl. ¶ 11. On August 18, 2022, defendant NYCTA terminated plaintiff. Id. ¶ 7. Plaintiff had no notice and defendant NYCTA did not provide plaintiff with a reason for his termination. Id. Plaintiff alleges that he was terminated because the Stipulation "made him an improper probationary employee." Id.

## PROCEDURAL HISTORY

Plaintiff commenced this action in Kings County Supreme Court on August 25, 2022. ECF No. 1. Defendant NYCTA—then the only named defendant—removed the case to this Court on October 12, 2022. Id. The Court held an initial conference on October 27, 2022 and granted plaintiff leave to file an amended complaint. Plaintiff filed the amended complaint which added defendant TWU, ECF No. 18, on November 23, 2022. Defendants TWU and NYCTA now move to dismiss plaintiff's amended complaint. ECF No. 25 (defendant NYCTA); ECF No. 26 (defendant TWU). Plaintiff opposes defendants' motions, ECF No. 27, and defendants have replied. ECF Nos. 29, 31.

## DISCUSSION

### I.    Standard of Review

A court reviewing a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555–56 (2007); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(6), a case is properly dismissed when the complaint fails to "'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 678.

The standard of review for a motion to dismiss under Rules 12(b)(1) and 12(b)(6) are substantively identical. Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999). On a motion to dismiss under 12(b)(1), however, the party invoking the Court's jurisdiction bears the burden of proof to show that subject matter jurisdiction exists, while the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). Fountain v. Karim, 838 F.3d 129, 134 (2d Cir. 2016) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)); McCray v. Lee, No. 16-CV-1730, 2017 WL 2275024, at *2 (S.D.N.Y. May 23, 2017).[3]

In addition to the complaint, the Court may consider documents attached to the complaint, documents incorporated by reference therein, or documents that the complaint "relies heavily upon" and are "integral" to the complaint, even if not incorporated by reference. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). The Court "may also consider 'factual allegations made by a *pro se* party in his papers opposing the motion'" to dismiss. Antrobus v. City of New

---

[3] The Clerk of Court is respectfully directed to send plaintiff the attached copies of all the unreported cases cited herein.

York, No. 19-CV-6277, 2021 WL 848786, at *3 (E.D.N.Y. Mar. 5, 2021) (quoting Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013)).

## II.    Plaintiff's Hybrid Claim

Plaintiff alleges that defendant TWU violated its federal duty of fair representation ("DFR") by failing to grieve the improper extension of his probation and that defendant NYCTA violated the CBA when it terminated him without notice or cause.[4] "[A] suit in which an employee alleges that an employer has breached a CBA and that a union has breached its duty of fair representation by failing to enforce the CBA is known as a 'hybrid § 301/fair representation claim.'" Acosta v. Potter, 410 F. Supp. 2d 298, 308 (S.D.N.Y. 2006) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164–65 (1983)). Section 301 of the LMRA provides that "an individual employee may bring suit against his employer for breach of a collective bargaining agreement." DelCostello, 462 U.S. at 163 (1983) (citation omitted); see 29 U.S.C. § 185(a). A union's "duty of fair representation is a 'statutory obligation' under the NLRA, requiring a union 'to serve the interests of all members without hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'"[5] Fowlkes v. Ironworkers

---

[4] While plaintiff asserts his "discharge by defendant [NYCTA was] in violation of Plaintiff's rights under the collective bargaining agreement," am. compl. ¶ 16, he acknowledges his claim hinges on the extension of his probationary period in February 2022. Id. ¶ 7 ("Plaintiff alleges that the **true reason** for his discharge was that a **stipulation of extension** was made by the defendants, that made him an **improper probationary employee**.") (emphasis added). If plaintiff was a probationary employee when he was terminated, there is no dispute that NYCTA was within the bounds of the CBA to fire plaintiff without notice or cause.

Plaintiff does not allege that the CBA required defendant NYCTA to follow certain procedures prior to extending his probationary period. Rather, plaintiff asserts that the extension was "illegal," opp. at 8, because it "was made, on the last day of his probation, in violation" of New York City rules. Am. Compl. ¶ 10. Plaintiff cites Personnel Services Bulletin ("PSB") 200-6, which requires, among other things, that "one month prior to the completion of the original probationary period, the agency must notify the employee in writing that the employee's probationary period will be be [sic] extended." See id. (quoting PSB 200-6). However, a violation of this PSB does not give rise to a federal claim. While plaintiff asserts that defendants did not comply with PSB 200-6 when extending his probation, "[s]uch a deviation does not amount to a federal constitutional due process violation[.]" Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1077 (2d Cir. 2021). For the reasons stated in this Report, plaintiff cannot challenge the extension of his probationary period under the LMRA.

[5] The union's duty is implied by the structure of the National Labor Relations Act, which allows "a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if

5

Loc. 40, 790 F.3d 378, 387 (2d Cir. 2015) (quoting Vaca v. Sipes, 386 U.S. 171, 177 (1967)) (cleaned up); see 29 U.S.C. § 185(b).

Although a hybrid 301/DFR claim, "as a formal matter, comprises two causes of action[,]" DelCostello, 462 U.S. at 164, "[a]n employee's duty-of-fair-representation claim against his labor union is derivative of – that is, 'inextricably interdependent' with – his claim against his employer under section 301 of the LMRA." Jusino v. Fed'n of Cath. Tchrs., Inc., 54 F.4th 95, 101 (2d Cir. 2022), cert. denied, 143 S. Ct. 1056 (2023) (quoting DelCostello, 462 U.S. at 164). "[T]o prevail the employee must not only show that his discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the [u]nion." Carrion v. Enter. Ass'n, Metal Trades Branch Loc. Union 638, 227 F.3d 29, 33 (2d Cir. 2000) (quotation and citation omitted).

a. Plaintiff is Not Covered by the LMRA and NLRA

Here, because plaintiff was a public employee, plaintiff is "not covered by the NLRA" and therefore cannot bring a § 301 claim under the LMRA. Green, 16 F.4th at 1075. The NLRA's definition of "employee"—which the LMRA incorporated—excludes individuals who work for "any State or political subdivision thereof" as such entities do not fall within the statute's definition of "employer." 29 U.S.C. § 152(2), (3); see also Cunningham v. Loc. 30, Int'l Union of Operating Engineers, 234 F. Supp. 2d 383, 395 (S.D.N.Y. 2002) ("The National Labor Relations Act's definitions apply to the LMRA.") (internal citations omitted). "For this reason, public employees may not bring federal duty-of-fair representation claims . . . or claims under Section 301 of the LMRA. . . ." Malast v. Civ. Serv. Emps. Ass'n, Inc., 474 F. App'x 829, 829 (2d Cir. 2012)

_____

individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization" to fairly represent all members. DelCostello, 462 U.S. at 164 n.14 (citations omitted).

(summary order).[6] In other words, to state a hybrid claim, a plaintiff must allege that he (1) "work[ed] for an 'employer'—that is, an entity that is **not** a 'political subdivision of the State,'" and (2) "participate[d] in a 'labor organization' that deals with that employer." Baumgart v. Stony Brook Children's Serv., P.C., 249 F. App'x 851, 852 (2d Cir. 2007) (summary order) (emphasis added).

Plaintiff is not considered an "employee" under the LMRA because he worked for the NYCTA, which, as a political subdivision of New York State, is not an "employer" under the Act. "'Political subdivisions' within the meaning of the LMRA are entities that are either '(1) created directly by the state, so as to constitute a department or administrative arm of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate." Kristiansen v. Metropolitan Transit Authority No. 22-CV-5601, 2023 WL 2330380, at *2 (S.D.N.Y. Mar. 2, 2023) (quoting Temple Univ. Hosp., Inc. v. NLRB, 39 F.4th 743, 752 (D.C. Cir. 2022)). Applying this test, the Court in Kristiansen dismissed a § 301 claim against the NYCTA and the Metropolitan Transportation Authority ("MTA") because "the MTA and the NYCTA have explicitly and repeatedly been held to be 'political subdivisions' of the State of New York." Id. at *2 (collecting cases); see also Sales v. Clark, No. 14-CV-8091, 2017 WL 892609, at *5 (S.D.N.Y. Feb. 3, 2017), report and recommendation adopted, 2017 WL 924239 (S.D.N.Y. Mar. 6, 2017) ("The MTA and the NYCTA have explicitly been held to be political subdivisions of the State of New York for the purpose of the LMRA."); Rome v. MTA/New York City Transit, No. 97-CV-2945, 1997 WL 1048908, at *6 (E.D.N.Y. Nov. 18, 1997) ("The NYCTA is, clearly, a political subdivision of the State of New York. . . .").

---

[6] Some decisions cited in this Report reference a lack of "jurisdiction" when finding that public employees fall outside the scope of the LMRA and NLRA. As discussed in footnote seven, *infra*, the Second Circuit recently clarified that this is not jurisdictional but rather, a failure to state a claim. The Second Circuit did not disturb the analysis in earlier decisions as to why public employees are excluded from the LMRA.

Plaintiff does not dispute that defendant NYCTA is a political subdivision of New York, instead arguing that this Court has *jurisdiction* over his § 301 claim. Opp. at 11 (citing 28 U.S.C. § 1331). And defendants do indeed raise lack of subject matter jurisdiction as an alternative basis for dismissal of plaintiff's amended complaint. ECF No. 26 at 5; ECF No. 25-1 at 7 n.4. But this argument confuses two distinct concepts: "federal-court subject-matter jurisdiction over a controversy; and the essential ingredients of a federal claim for relief."[7] Green, 16 F.4th at 1076 (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 503 (2006)). In Green, the Second Circuit clarified that whether a plaintiff is an "employee" as defined by the NLRA is not jurisdictional, but rather one of "the requirements of a cause of action under the NLRA . . . ." Id. at 1076. If a plaintiff "cannot allege that he is an employee under the NLRA, his complaint fails to state a claim for a violation of the statute" and should be "dismissed pursuant to Rule 12(b)(6)." Id. at 1075. Therefore, while this Court has jurisdiction over plaintiff's amended complaint, it should nevertheless be dismissed for failure to state a claim.

Plaintiff also argues that his "wrongful termination claim does not exist independent of any rights established by [t]he CBA and is [therefore] preempted by 301 of the LMRA." Opp. at 17, 12 ("Federal law completely preempts state law.").[8] But preemption is not the issue. The issue is that plaintiff fails to state a claim against defendants under the LMRA.[9] In any event, as plaintiff

---

[7] This confusion is understandable because the Second Circuit has, itself, affirmed dismissal of a suit by a public employee under the LMRA for lack of jurisdiction. Green, 16 F.4th at 1076, n.1 (citing Ford v. D.C. 37 Union Local 1549, 579 F.3d 187 (2d Cir. 2009)). But as Green and Jusino make clear, this did not establish binding precedent. Id. (quotation and citation omitted); Jusino, 54 F.4th at 104-5 (quotation and citation omitted). The proper basis for dismissal of a hybrid claim brought against a state or its political subdivision is for failure to state a claim.

[8] The Court references the ECF page numbers in plaintiff's opposition.

[9] Granting defendants' motions does not render them "above the law," as plaintiff claims. Opp. at 10. As was explained at the initial conference, plaintiff may bring his claims under state law, including New York's Taylor Law; New York Civil Service Law § 200 et seq. Counsel for defendant NYCTA raised the Taylor Law as a possible avenue for relief with plaintiff at the initial conference, which was held prior to plaintiff filing the amended complaint. ECF No. 33 at 24:16-20; 25:5-9. ("[T]he New York State Taylor Law codifies the union's duty of fair representation to an employee, so there is a statutory claim that [plaintiff] could bring against the union, and the employer would be a statutory party to that claim. . . . So you could bring that state law claim in lieu of the federal claim. So naming the union doesn't change our argument that we're not subject to the federal law. We would instead say we were subject to the state

cannot bring a claim under the LMRA, any state law claims he might raise would not likely be preempted. Malast, 474 F. App'x at 829 (reversing district court's dismissal of public employee's state law claims as preempted by the LMRA because "Congress's explicit intention to exclude public employees like [plaintiff] from the ambit of federal regulation renders the . . . preemption holding untenable"); Beauchine v. City of Syracuse, No. 21-CV-845, 2022 WL 561548, at *17 (N.D.N.Y. Feb. 24, 2022) (finding "no basis on which to conclude that Plaintiff's state law claim of tortious interference is preempted by the LMRA" because she is a public employee "excluded" from the Act). Defendant NYCTA's motion to dismiss should therefore be granted because plaintiff cannot allege an essential element of his § 301 claim: that he was an employee within the meaning of the LMRA.

Plaintiff's inability to bring a § 301 claim against defendant NYCTA precludes his federal duty-of-fair-representation claim against defendant TWU. In a hybrid claim such as plaintiff's, the two causes of action rise and fall together: plaintiff only has a "viable duty-of-fair-representation claim against" his union "if he also has a viable section 301 claim against" his employer. Jusino 54 F.4th at 95. As plaintiff cannot state a § 301 claim against his former employer, he cannot state a federal duty-of-fair-representation claim against his former union. See id. at 103 (dismissing DFR claim because plaintiff's former employer was not "covered by the NLRA as amended by the LMRA[,]" a fact which "squarely forecloses [plaintiff's] section 301 claim") (quotation, citation, and alteration omitted); Kristiansen, 2023 WL 2330380, at *3 ("Since plaintiff does not assert a viable claim against the [MTA and NYCTA], her claim against the TWU must also be

---

law."). After defendant argued that it is not subject to the LMRA, plaintiff stated: "I'm familiar with the Taylor Law, I'm familiar with the Wagner Act, I'm familiar with the 301 Labor Management Act, I'm familiar with Article 75, 78, so I'm familiar with what she's saying. It's not a new language." Id. 27:16-20. However, even though he stated he is familiar with those other laws, plaintiff cites only the LMRA in his amended complaint, and therefore the Court should not construe the amended complaint as raising a claim under the Taylor Law or any other state law. Negron v. City of New York, No. 10-CV-2757, 2011 WL 4737068, at *20 n.11 (E.D.N.Y. Sept. 14, 2011), report and recommendation adopted, 2011 WL 4729754 (E.D.N.Y. Oct. 6, 2011).

dismissed."). For the reasons explained in this Report, plaintiff is not an employee covered by the NLRA.  Plaintiff therefore fails to state a claim against defendant TWU for breach of its duty of fair representation. See Green, 16 F.4th at 1075-76 (dismissing DFR claim because plaintiff's former employer was a political subdivision of New York State, and therefore plaintiff "cannot allege that he is an employee under the NLRA"); Baumgart v. Stony Brook Children's Serv., P.C., No. 03-CV-5526, 2005 WL 2179429, at *6 (E.D.N.Y. Sept. 9, 2005), aff'd, 249 F. App'x 851 (2d Cir. 2007) ("[H]ybrid Section 301 suits do not lie against a union for breaching its duty of fair representation, if that duty arises out of a collective bargaining agreement with a public employer.").  Defendant TWU's motion to dismiss plaintiff's amended complaint for failure to state a claim should be granted.[10]

### III.    Leave to Amend

Although a court should not dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" courts may deny leave to replead where amending the complaint would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, as plaintiff was indisputably a public employee, he "cannot plead any set of facts that would salvage [his] claims under the LMRA or the NLRA." Kristiansen, 2023 WL 2330380, at *3 (denying leave to amend under similar circumstances). Therefore, plaintiff should not be granted leave to file a second amended complaint.

---

[10] Plaintiff asserts for the first time in his opposition papers that he signed the Stipulation "under duress. . . ." Op. at 9. As plaintiff is a public employee excluded from the NLRA/LMRA, the Court does not reach the question of whether this allegation would state a claim that defendant TWU breached its duty of fair representation under state law.

## CONCLUSION

Accordingly, defendants' motions to dismiss plaintiff's § 301 and federal duty-of-fair representation claims should be granted for failure to state a claim. Defendants' motions to dismiss for lack of subject matter jurisdiction should be denied.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: August 7, 2023
       Brooklyn, New York