UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GERALD NELSON,

                Plaintiff,

                v.

NEW YORK CITY TRANSIT AUTHORITY,
DEPARTMENT OF BUSES (EAST NEW
YORK DEPOT); and TRANSPORTATION
WORKERS UNION LOCAL 100,

                Defendants.
----------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

22-CV-6112 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

    Plaintiff Gerald Nelson filed this *pro se* lawsuit against defendants New York City Transit Authority, Department of Buses (East New York Depot) ("NYCTA") and Transportation Workers Union Local 100 ("TWU") under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.* See Am. Compl. ¶¶ 1–3, 13 (Dkt. #18). Defendants moved to dismiss plaintiff's amended complaint for failure to state a claim and for lack of subject-matter jurisdiction, and the Court referred the motions to Magistrate Judge Bloom for a Report and Recommendation ("R. & R."). *See* Court Order dated 4/17/2023. On August 7, 2023, Judge Bloom issued her R. & R., recommending that defendants' motions be granted in part and denied in part and that plaintiff's amended complaint be dismissed for failure to state a claim. *See* R. & R. (Dkt. #34). Plaintiff filed timely objections to the R. & R. *See* Pl.'s Obj. to R. & R. ("Pl.'s Obj.") (Dkt. #35). For the reasons explained below, plaintiff's objections are overruled, and the R. & R. is adopted in full.

## BACKGROUND

    The following facts are taken from plaintiff's amended complaint and assumed true for the purposes of this order.

1

Plaintiff worked as a bus operator for NYCTA from February 2021 until August 2022. Am. Compl. ¶ 4. NYCTA has a collective bargaining agreement with TWU, which covered plaintiff while he was an employee. *Id.* ¶ 5.

NYCTA initially hired plaintiff for a one-year probationary period. *Id.* ¶ 9. In February 2022, at the end of the one-year period, NYCTA required plaintiff to sign a stipulation extending his probationary status. *See id.* ¶ 10. Plaintiff "protested" the stipulation and filed a grievance with TWU but did not receive a response. *Id.* ¶ 11. While TWU's collective bargaining agreement with NYCTA establishes a disciplinary procedure allowing employees to file grievances, the procedure does not apply to probationary employees. Am. Compl., Ex. A. § 2.1(A)(2). In August 2022, NYCTA terminated plaintiff's employment without notice or cause. Am. Compl. ¶ 7.

Plaintiff's amended complaint brings a claim against NYCTA under Section 301 of the LMRA, alleging a violation of the collective bargaining agreement, *see id.* ¶¶ 1, 7, and a claim against TWU under the NLRA, alleging a violation of TWU's duty of fair representation, *id.* ¶¶ 1, 13. Both defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), asserting that, because plaintiff is a public employee, he is covered by neither the LMRA nor the NLRA. *See* Def. NYCTA's Mem. of Law in Supp. of its Mot. to Dismiss ("NYCTA's Mot. to Dismiss") 1 (Dkt. #25-1); Mem. of Law in Supp. of Def. TWU's Mot. to Dismiss the Am. Compl. ("TWU's Mot. to Dismiss") 4 (Dkt. #26-1). For the same reason, TWU also moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). TWU's Mot. to Dismiss 5.

Judge Bloom's R. & R. recommends granting the motions to dismiss under Rule 12(b)(6). Judge Bloom noted that, because plaintiff alleges both that his employer breached a collective bargaining agreement and that his union breached its duty of fair representation, plaintiff brings a "hybrid" claim under Section 301 of the LMRA and the NLRA. R. & R. 5. But, as Judge Bloom

2

next explained, neither the LMRA nor the NLRA apply to public employees who, like plaintiff, work for a political subdivision of the state. *Id.* 6. Judge Bloom therefore concluded that plaintiff could not bring a hybrid claim under either the LMRA or NLRA. *Id.* at 7.

Judge Bloom also declined to construe plaintiff's complaint as bringing a claim under New York's Taylor Law, N.Y. Civ. Serv. Law § 200 *et seq.*, which covers public employees such as plaintiff. R. & R. 9 n.9. Judge Bloom noted that plaintiff was advised of the possibility of such a claim at a conference held before he filed his amended complaint. *Id.* at 8 n.9. Judge Bloom also noted that, at that conference, plaintiff stated he was familiar with the Taylor Law. *Id.* at 9 n.9. But because plaintiff's amended complaint cites only federal law, Judge Bloom concluded that it could not be fairly construed as raising a Taylor Law claim. *Ibid.*; *see generally* Am. Compl.

Finally, Judge Bloom explained that the question whether an employee is covered by the LMRA and NLRA is non-jurisdictional and that defendants' motions to dismiss should therefore be granted under Rule 12(b)(6) rather than 12(b)(1). *Id.* at 8. Judge Bloom further recommended that plaintiff be denied leave to amend. *Id.* at 10. Given that plaintiff was indisputably a public employee, Judge Bloom concluded that amendment would be futile. *Ibid.* Plaintiff timely objected to the R. & R. *See generally* Pl.'s Objs.

## STANDARD OF REVIEW

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue "is dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Defendants' motions to dismiss are dispositive matters under Rule 72. *See, e.g.*, *Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019).

3

Those parts of an R. & R. that are uncontested or not properly objected to are reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition). Clear error will only be found if, on review of the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

In considering objections to an R. & R., the district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted); *see, e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020); 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3070.2 (3d ed. 2021). "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020) (alteration, quotation marks, and citation omitted); *see, e.g.*, *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990). Finally, a court will disregard an objection that "merely restates or rehashes the same arguments that [the] party originally made" if it fails to identify any subsequent errors in the magistrate's analysis. *CDS Bus. Servs., Inc. v. H.M.C., Inc.*, No. 19-CV-5759 (JMA) (SIL), 2021 WL 4458884, at *1 (E.D.N.Y. Sept. 28, 2021); *see Sunoco, Inc. v. 175-33 Horace Harding Realty Corp.*, No. 11-CV-2319 (JS) (GRB), 2016 WL 5239597, at *2 (E.D.N.Y. Sept. 22, 2016), *aff'd sub nom. Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp.*, 697 F. App'x 38 (2d Cir. 2017).

The objections of a *pro se* plaintiff, like all *pro se* submissions, are "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

## ANALYSIS

Plaintiff's objections are overruled, and the R. & R. is adopted in full.

Plaintiff does not object to Judge Bloom's conclusion that, as a public employee, he is not covered under the LMRA and the NLRA and that his claims under those statutes should therefore be denied with prejudice. *See* Pl.'s Obj. 9 (agreeing that "Nelson is not covered by the LMRA and NLRA"). Nor does plaintiff object to Judge Bloom's conclusion that the amended complaint does not bring a claim under the Taylor Law. *See id.* at 11 (referring to a claim under state law "not based on the Taylor Law"). I have therefore reviewed those conclusions only for clear error, *see, e.g.*, *Alvarez Sosa*, 369 F. Supp. 3d at 497, and found none. Accordingly, I adopt Judge Bloom's recommendation and dismiss plaintiff's LMRA and NLRA claims with prejudice under Rule 12(b)(6) and decline to construe the amended complaint as bringing a Taylor Law claim.

Liberally construed, plaintiff's submission objects to dismissal of the amended complaint on the basis that he has stated a claim under New York's Civil Practice Law and Rule ("CPLR") 217(2)(a). Pl.'s Obj. 9. CPLR 217(2)(a) provides a four-month limitations period for "[a]ny action or proceeding against an employee organization" brought under the Taylor Law alleging "that such employee organization has breached its duty of fair representation." Plaintiff argues that the provision creates a cause of action separate from and "not based on the Taylor Law." *Id.* at 11. Plaintiff further argues that the Court has supplemental jurisdiction over his CPLR claim because it is "based on the exact same allegations" as his claim alleging a violation of the duty of fair representation under the NLRA. *Id.* at 10.

5


Plaintiff's argument fails because CPLR 217(2)(a) is a statute of limitations that does not provide its own right of action. *See Williams v. N.Y.C. Housing Auth.*, 458 F.3d 67, 69–70 (2d. Cir. 2006) (identifying CPLR 217(a)(2) as providing the statute of limitations, rather than a cause of action, for state-law claims alleging a violation of the duty of fair representation). Plaintiff therefore cannot state a claim under CPLR 217(2)(a). *See Thompson v. Thompson*, 484 U.S. 174, 178–79 (1988) (affirming dismissal for failure to state claim because the statutory provision at issue did not create a private right of action). Consequently, even if the amended complaint can be fairly construed to invoke CPLR 217(2)(a), plaintiff cannot state a claim under that provision.

## CONCLUSION

Plaintiff's objections are overruled, and the R. & R. is adopted in full. Defendants' motions to dismiss are granted in part, and plaintiff's amended complaint is dismissed under Rule 12(b)(6). Because the problems with plaintiff's complaint are "substantive" ones that cannot be cured with "better pleading," the complaint is dismissed with prejudice. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d. Cir. 2013) (explaining that leave to amend is futile where barriers to relief "cannot be surmounted by reframing the complaint"). Accordingly, the Clerk of Court is directed to enter judgment and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                      */s/ Rachel Kovner*
                                      RACHEL P. KOVNER
                                      United States District Judge

Dated: September 29, 2023
       Brooklyn, New York